IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COASTAL PLATING COMPANY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:15-cv-00174 |
| | § | |
| V. | § | |
| | § | JURY TRIAL DEMANDED |
| ELLWOOD GROUP, INC., ELLWOOD CRANKSHAFT AND MACHINE COMPANY, and ELLWOOD NATIONAL CRANKSHAFT COMPANY, | § § § § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Coastal Plating Company ("Coastal Plating"), files this Original Complaint against defendants, Ellwood Group, Inc. ("EGI"), Ellwood Crankshaft and Machine Company, and Ellwood National Crankshaft Company (collectively "Defendants"), and respectfully shows the following:

A. Parties

1. Plaintiff, Coastal Plating, is a Texas corporation with a principal place of business in Corpus Christi, Texas.

2. Defendant, EGI, is a Pennsylvania corporation with locations throughout the country. EGI may be served at its registered office address at 600 Commercial Ave., Ellwood City, Pennsylvania 16117.

3. Defendant Ellwood Crankshaft and Machine Company is a Pennsylvania limited liability company with locations throughout the country. Ellwood Crankshaft and Machine Company may be served through its registered agent, Ellwood Texas Forge LP, c/o Susan A. Apel, at 12500 Amelia Drive, Houston, Texas 77251.

4. Defendant Ellwood National Crankshaft Company is a Pennsylvania limited liability company with locations throughout the country. Ellwood National Crankshaft Company may be served at its registered address of 790 Commercial Ave., Ellwood City, Pennsylvania, 16117.

5. Upon information and belief, defendants Ellwood Crankshaft and Machine Company and Ellwood National Crankshaft Company (collectively "ECG" or "Ellwood Crankshaft Group") do business as Ellwood Crankshaft Group.

B. Jurisdiction and Venue

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law, 15 U.S.C. § 1051 *et seq*. The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367 because these claims form part of the same case or controversy as those claims for which this Court has original jurisdiction.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(c) because Defendants regularly conduct business in this district and division and are subject to personal jurisdiction in this district. Defendants are therefore deemed to reside here. Venue is also proper in this judicial district and division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here.

C. Background Facts

8. Coastal Plating performs crankshaft, camshaft, and industrial engine block and rod repair out of its facility in Corpus Christi, Texas. Coastal Plating specializes in the repair and restoration of damaged crankshafts. In fact, the company operates one of the largest crankshaft repair shops in the United States, and has the ability to repair some of the largest industrial

crankshafts in use in the U.S. Because of Coastal Plating's expertise and specialized equipment, Coastal Plating serves customers throughout the United States and in foreign countries.

9. Coastal Plating has been using the mark "COASTAL PLATING" in commerce as a trademark, service mark, and trade name since at least as early as 1962. Coastal Plating uses its COASTAL PLATING trademark in connection with all of the services it provides, including its crankshaft repair and restoration services. Customers throughout the country currently recognize, and have recognized for decades, that the COASTAL PLATING mark identifies Coastal Plating and its goods and services exclusively.

10. Coastal Plating promotes its COASTAL PLATING services through nationwide advertising and marketing, including through internet websites. Specifically, around 1995, Coastal Plating registered the internet domain coastalplating.com, and created a website promoting its services. In the early 2000s, Coastal Plating registered a second domain, coastalplatinginc.com, which it currently uses to display a second website promoting COASTAL PLATING services. Around May of 2012, Coastal Plating inadvertently let its registration of coastalplating.com expire.

11. Defendant, EGI, is a supplier of heavy metal components and services and claims to have customers all over the world. EGI has a variety of business units, including Ellwood Crankshaft Group, which is owned, on information and belief, by EGI-controlled business units Ellwood Crankshaft and Machine Company and Ellwood National Crankshaft Company (collectively "ECG"). Defendants provide crankshaft repair and restoration services and directly compete with Coastal Plating. Defendants have facilities throughout the country, including three in this judicial district (two in Houston and one in Navasota). Defendants also operate a crankshaft servicing facility in Grand Prairie, Texas.

12. Unbeknownst to Coastal Plating, and without its authorization, EGI purchased the domain coastalplating.com on June 23, 2012. EGI has no legitimate basis for acquiring a domain consisting solely of Coastal Plating's COASTAL PLATING trademark. Instead, EGI and ECG use the coastalplating.com domain to divert internet traffic from coastalplating.com directly to ellwoodcrankshaftgroup.com/Services.aspx (the "ECG website"), where Defendants promote their own competing crankshaft repair and restoration services. In other words, Defendants have configured the website so that when a current or prospective Coastal Plating customer navigates to the coastalplating.com URL, he or she is immediately sent to Defendants' website promoting their competing crankshaft repair services. Upon information and belief, Defendants have been diverting internet traffic from coastalplating.com to ellwoodcrankshaftgroup.com since 2012, and continue to do so today.

13. Defendants are very familiar with Coastal Plating's COASTAL PLATING brand and services. In late 2013, after registering the coastalplating.com domain, but before Coastal Plating had learned of the registration, Defendants reached out to Coastal Plating regarding a potential joint venture or acquisition of Coastal Plating's assets. During the course of negotiations, Defendants acknowledged the long history of Coastal Plating's business and admitted that "Coastal Plating is a worldwide brand." Ultimately, the parties were unable to agree to terms and the negotiations ceased in mid-2014. At no time during the negotiations did Defendants inform Coastal Plating that EGI had registered the coastalplating.com domain and was using it to divert customers to Defendants' ECG website.

14. Coastal Plating learned of EGI's registration of the coastalplating.com domain and Defendants' diversion of Coastal Plating's internet traffic to the ECG website in late 2014, when individuals outside of the company brought it to the attention of Coastal Plating

executives. Shortly thereafter, through counsel, Coastal Plating sent a cease and desist letter to Brian C. Taylor, the president of ECG, notifying him that Defendants' conduct comprised trademark infringement and cybersquatting. Despite receiving this letter, Defendants continue to use the coastalplating.com domain to divert traffic to a website promoting their own crankshaft repair services.

15. Since learning of EGI's registration of coastalplating.com, Coastal Plating has heard from individuals outside the company that have experienced confusion caused by Defendants' use of the COASTAL PLATING trademark. For example, at least one individual was under the impression that Coastal Plating was no longer in business. In addition, upon information and belief, Defendants' use of the COASTAL PLATING trademark to divert internet traffic to a site promoting Defendants' own competing services caused Coastal Plating to lose sales for crankshaft repair services.

D. Count I – False Designation of Origin Under the Lanham Act (15 U.S.C. § 1125(a))

16. The above paragraphs are incorporated by reference as if fully stated herein.

17. Due to the nationwide reach of Coastal Plating's COASTAL PLATING branded services, Coastal Plating's promotion of those services throughout Texas and the nation, and the care and skill exercised by Coastal Plating in providing its high quality services, relevant customers recognize, and have recognized since long before Defendants began using Coastal Plating's trademark, that the COASTAL PLATING mark identifies Coastal Plating and its services exclusively.

18. Defendants have used, and continue to use, the COASTAL PLATING mark in commerce without Coastal Plating's authorization as part of the domain name coastalplating.com. Customers and prospective customers looking for Coastal Plating's website using the traditional domain name convention of "trademark.com," are likely to be confused by

Defendants' use of COASTAL PLATING as a domain name to divert internet traffic to ellwoodcrankshaftgroup.com. For example, such individuals may mistakenly believe that Coastal Plating is somehow affiliated with Defendants, or that Defendants acquired Coastal Plating's assets. At a minimum, Defendants' use of COASTAL PLATING as a domain name caused, and is likely to continue to cause, initial interest confusion even in customers or potential customers that ultimately recognize that Coastal Plating is not affiliated with Defendants after they are diverted to ellwoodcrankshaftgroup.com.

19. As used by Defendants, therefore, the COASTAL PLATING mark comprises a word, term, name, and false designation of origin that, in connection with Defendants' commercial activities, has caused, and is likely to continue to cause, confusion, mistake, or deception as to an affiliation, connection, or association of Defendants with Coastal Plating or Coastal Plating's trademark, or as to the origin, sponsorship, or approval of Defendants' commercial activities by Coastal Plating, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A).

20. As a result of Defendants' actions, Coastal Plating has sustained, and will continue to sustain, harm, including to its valuable goodwill and reputation established in connection with the use and promotion of the COASTAL PLATING trademark, causing loss of profits and other harm for which there is no adequate remedy at law. Defendants have benefited from the improper association of their services with those of Coastal Plating. Defendants' actions further harm Coastal Plating because, on information and belief, after being diverted from coastalplating.com to Defendants' crankshaft-related ECG website, at least some existing and prospective Coastal Plating customers interested in using Coastal Plating's services have used, and are likely to continue to use, Defendants' services instead.

21. Defendants are familiar with Coastal Plating's trademark and worldwide brand. Defendants are also aware, at least through their receipt of Coastal Plating's cease and desist letter, that their conduct creates a false designation of origin in violation of the Lanham Act. Nevertheless, Defendants have continued to misuse Coastal Plating's trademark to divert customers or prospective customers to their own website. Defendants' actions are willful and wanton, and in reckless disregard for the rights of Coastal Plating.

22. Unless restrained and enjoined, Defendants are likely to continue to engage in false designation of origin, causing Coastal Plating irreparable damage as detailed above. Defendants are jointly and severally liable to Coastal Plating, and Coastal Plating is entitled to injunctive relief, an accounting of profits, an identification of diverted customers and prospective customers, and damages.

E. Count II – Violation of Anticybersquatting Consumer Protection Act (15 U.S.C. 1125(d))

23. The above paragraphs are incorporated by reference as if fully restated herein.

24. Since well before 2012, Coastal Plating's COASTAL PLATING trademark has been distinctive and has been recognized by relevant customers nationwide as identifying Coastal Plating and its services exclusively.

25. Well after Coastal Plating's COASTAL PLATING trademark became distinctive, EGI registered, and Defendants began using, the domain name coastalplating.com, which is identical or confusingly similar to Coastal Plating's COASTAL PLATING trademark.

26. Defendants' registration and use of coastalplating.com is based on a bad faith intent to profit from the COASTAL PLATING trademark. Defendants have no legitimate interest in the trademark. Instead, Defendants use Coastal Plating's trademark as a domain name

solely to divert consumers or prospective consumers of Coastal Plating's services to the ECG website for Defendants' commercial gain.

27. As a result of Defendants' actions, Coastal Plating has sustained, and will continue to sustain, harm, including to its valuable goodwill and reputation established in connection with the use and promotion of the COASTAL PLATING trademark, causing loss of profits and other harm for which there is no adequate remedy at law. Defendants have benefited from the improper association of their services with those of Coastal Plating. Defendants' actions further harm Coastal Plating because, on information and belief, after being diverted from coastalplating.com to Defendants' crankshaft-related ECG website, at least some existing and prospective Coastal Plating customers interested in using Coastal Plating's services have used, and are likely to continue to use, Defendants' services instead.

28. Defendants are familiar with Coastal Plating's trademark and worldwide brand. Defendants are also aware, at least through their receipt of Coastal Plating's cease and desist letter, that their conduct violates the anticybersquatting protections in the Lanham Act. Nevertheless, Defendants have continued to misuse Coastal Plating's trademark to divert customers or prospective customers to their own website. Defendants' actions are willful and wanton, and in reckless disregard for the rights of Coastal Plating.

29. The Court should order the transfer of ownership to Coastal Plating of all Defendant-owned domain names that incorporate COASTAL PLATING, or any confusingly similar variation thereof, alone or in combination with other words, including coastalplating.com.

30. Unless the Court orders such transfer of ownership, Defendants are likely to continue to engage in infringing, misleading, and confusing acts, causing Coastal Plating

irreparable damage as detailed above. Defendants are jointly and severally liable to Coastal Plating, and Coastal Plating is entitled to injunctive relief, an accounting of profits, an identification of diverted customers and prospective customers, and damages.

F. Count III – Tortious Interference With Prospective Business Relations

31. The above paragraphs are incorporated by reference as if fully restated herein.

32. Prospective customers searching for Coastal Plating by following the common "trademark.com" convention and typing coastalplating.com into their web browser are very likely interested in doing business with Coastal Plating, or at least exploring business opportunities. Had coastalplating.com remained unregistered, or had the domain been used in connection with goods and services unrelated to those offered by Coastal Plating, such customers would have continued their search and easily located Coastal Plating's other websites or contact information. There is a reasonable probability that Coastal Plating would have entered a business relationship with one or more of these prospective customers.

33. Defendants intentionally interfered with the prospective relationship by registering Coastal Plating's trademark as a domain name and diverting all traffic for coastalplating.com to the site for Defendants' competing crankshaft repair business.

34. Defendants' conduct is independently tortious or unlawful because it comprises false designation of origin, cybersquatting, and unfair competition.

35. Upon information and belief, Defendants' interference proximately caused injury to Coastal Plating by diverting potential sales from Coastal Plating to Defendants' competing business. Moreover, as a result of Defendants' actions, Coastal Plating has sustained, and will continue to sustain, harm, including to its valuable goodwill and reputation established in connection with the use and promotion of the COASTAL PLATING trademark, causing loss of profits and other harm for which there is no adequate remedy at law. Defendants have benefited

from the improper association of their services with those of Coastal Plating. Defendants' actions further harm Coastal Plating because, on information and belief, after being diverted from coastalplating.com to Defendants' crankshaft-related ECG website, at least some existing and prospective Coastal Plating customers interested in using Coastal Plating's services have used, and are likely to continue to use, Defendants' services instead.

36. Defendants' actions are willful and wanton, and in reckless disregard for the rights of Coastal Plating.

37. Unless restrained and enjoined, Defendants are likely to continue to interfere with Coastal Plating's prospective business relationships, causing Coastal Plating irreparable damage as detailed above. Defendants are jointly and severally liable to Coastal Plating, and Coastal Plating is entitled to injunctive relief, an accounting of profits, an identification of diverted customers and prospective customers, and damages.

G. Count IV – Unfair Competition

38. The above paragraphs are incorporated by reference as if fully restated herein.

39. Defendants' unauthorized use of the COASTAL PLATING trademark, diversion of prospective Coastal Plating customers to Defendants' website, and cybersquatting constitutes unfair competition.

40. As a result of Defendants' actions, Coastal Plating has sustained, and will continue to sustain, harm, including to its valuable goodwill and reputation established in connection with the use and promotion of the COASTAL PLATING trademark, causing loss of profits and other harm for which there is no adequate remedy at law. Defendants have benefited from the improper association of their services with those of Coastal Plating. Defendants' actions further harm Coastal Plating because, on information and belief, after being diverted from coastalplating.com to Defendants' crankshaft-related ECG website, at least some existing

and prospective Coastal Plating customers interested in using Coastal Plating's services have used, and are likely to continue to use, Defendants' services instead.

41. Defendants' actions are willful and wanton, and in reckless disregard for the rights of Coastal Plating.

42. Unless restrained and enjoined, Defendants are likely to continue to unfairly compete with Coastal Plating, causing Coastal Plating irreparable damage as detailed above. Defendants are jointly and severally liable to Coastal Plating, and Coastal Plating is entitled to injunctive relief, an accounting of profits, an identification of diverted customers and prospective customers, and damages.

H. Count V – Unjust Enrichment

43. The above paragraphs are incorporated by reference as if fully restated herein.

44. Defendants' unauthorized use of the COASTAL PLATING trademark to divert customers to Defendants' ECG website for their competing Ellwood Crankshaft Group division for commercial gain has resulted in the unjust enrichment of Defendants.

45. As a result of Defendants' actions, Coastal Plating has sustained, and will continue to sustain, harm, including to its valuable goodwill and reputation established in connection with the use and promotion of the COASTAL PLATING trademark, causing loss of profits and other harm for which there is no adequate remedy at law. Defendants have benefited from the improper association of their services with those of Coastal Plating. Defendants' actions further harm Coastal Plating because, on information and belief, after being diverted from coastalplating.com to Defendants' crankshaft-related ECG website, at least some existing and prospective Coastal Plating customers interested in using Coastal Plating's services have used, and are likely to continue to use, Defendants' services instead.

46. Defendants' actions are willful and wanton, and in reckless disregard for the rights of Coastal Plating.

47. Unless restrained and enjoined, Defendants are likely to continue to be unjustly enriched, causing Coastal Plating irreparable damage as detailed above. Defendants are jointly and severally liable to Coastal Plating, and Coastal Plating is entitled to injunctive relief, an accounting of profits, an identification of diverted customers and prospective customers, and damages.

I. Attorneys' Fees and Costs

48. Due to the exceptional nature of this case and Defendants' willful acts, Coastal Plating is entitled to recover its costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1117.

J. Demand for Jury

49. Coastal Plating hereby demands a trial by jury.

K. Prayer

50. WHEREFORE, Coastal Plating respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

(a) That Defendants, their divisions and affiliated companies, and their employees, officers, shareholders, directors, and agents be permanently enjoined from using or registering any name, mark, domain name, or other designation comprised of or containing "COASTAL PLATING," or any other confusingly similar variation thereof;

(b) That Defendants transfer ownership to Coastal Plating of the domain coastalplating.com, and any other domain name owned or controlled by

Defendants or their affiliates that incorporates "COASTAL PLATING" or any confusingly similar variation thereof.

(c) That Defendants provide to Coastal Plating:

(i) all data providing or relating to the identity of any entity visiting coastalplating.com since June 23, 2012;

(ii) all sales data relating to crankshaft restoration services and related goods and services provided by Defendants and any of their divisions or affiliates since June 23, 2012, including the date of the sale, the revenue generated, and the name of the customer; and

(iii) all data and information relating to coastalplating.com, including Internet traffic data and analytics, and information related to any search engine optimization efforts.

(d) That Defendants notify in writing any customer that purchased or inquired about crankshaft-related goods or services since June 23, 2012, that Coastal Plating is still a going concern and that neither Defendants, nor any of their divisions or affiliates, is associated with Coastal Plating.

(e) All damages sustained and proved by Coastal Plating and profits realized by Defendants by reason of Defendants' unlawful acts alleged herein, including pre- and post-judgment interest, and that, pursuant to 15 U.S.C. 1117(a), such damages, profits, and interest be increased as provided by law and trebled due to the exceptional nature of this case and Defendants' willful conduct.

(f) At Coastal Plating's election, an award of statutory damages of $100,000 pursuant to 15 U.S.C. 1117(d).

(g) Punitive damages due to the willful and wanton conduct of Defendants, and Defendants' reckless disregard for the rights of Coastal Plating.

(h) Attorneys' fees and costs pursuant to 15 U.S.C. 1117(a).

(i) All other further relief that the Court deems just and equitable.

Dated: April 15, 2015

**AKIN GUMP STRAUSS HAUER & FELD LLP**

/s/Daniel L Moffett
DANIEL L. MOFFETT (Attorney-in-Charge)
State Bar No. 24051068
Southern District of Texas Federal ID No. 2423268
dmoffett@akingump.com
KIRT S. O'NEILL (application for admission in process)
State Bar No. 00788147
koneill@akingump.com
GEORGE ANDREW ROSBROOK
State Bar No. 24070141
Southern District of Texas Federal ID No. 2423270
arosbrook@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

**ATTORNEYS FOR PLAINTIFF COASTAL PLATING COMPANY**